UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHRISTOPHER LEE NORFOLK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23-CV-169 |
| | ) | |
| AVERY HALLIBURTON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Lee Norfolk has filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

**I.** *IN FORMA PAUPERIS* **APPLICATION**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in*

*forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. Therein, Plaintiff reports that he owns $1,550,000.00 in assets, including real estate and vehicles. While he further reports that he has monthly living expenses which exceed his monthly income, he has provided no indication in the affidavit that he lacks access to the property and other assets he owns.[1] Given the significant value of Plaintiff's reported assets, the Court cannot find that he qualifies to proceed *in forma pauperis*. Thus, the Court **RECOMMENDS** that the Application to Proceed Without Prepayment of Fees [Doc. 1] be **DENIED**. The Court will now undertake its role in screening the Complaint.

## II. FACTUAL ALLEGATIONS

In the instant action, Plaintiff asserts that Defendant Avery Halliburton purchased residential property he previously owned "by theft of property." [Doc. 2, p. 2]. He further alleges that unnamed persons have been stalking him since July 3, 1993. *Id.* Additionally, he references another federal lawsuit which he filed where he requested financial compensation, but states that in this lawsuit he is requesting a "writ to immediate possession of personal property." *Id.* at 2-3.

---

[1] The Court notes that the allegations made in Plaintiff's Complaint involve real and personal property he contends has basically been stolen from him but the Court has no way of determining whether that real and personal property is the same as what is listed in Plaintiff's Application.

He appears to be requesting the return of a vehicle that is registered to him under the name "Christopher Lee Riley, Sr." *Id.* at 3.[2]

### III. LEGAL ANALYSIS

#### *a. Leniency afforded to pro se litigants and pleading standard*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

---

[2] Given the reference to Christopher Lee Riley and the facts presented in the Complaint, it appears that the other federal lawsuit to which Plaintiff refers is *Riley, et al. v. Halliburton, et al.*, No. 2:23-CV-163-CEA-CRW (E.D. Tenn. 2023). In that case, Plaintiff named Avery Halliburton as a defendant and asserted nearly the same claims as he does in the present lawsuit. To avoid duplicative litigation, the doctrine of claim-splitting permits courts to dismiss or stay proceedings which are "duplicative of another federal court suit". *Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791 (W.D. Ky. 2022) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000)). For this reason and those outlined below, the Court recommends that all claims asserted in this action against Defendant be dismissed.

In this case, Plaintiff has not provided sufficient facts to establish a claim for relief, because his Complaint includes only conclusory allegations that Defendant stole his property and that unnamed parties have stalked him. He does not provide any details about how these claims allegedly arose. Without a clear statement as to how Defendant acted improperly, and without the naming of the other individuals who allegedly have stalked him, the Court must recommend dismissal of the present Complaint. Otherwise, the Court would be required to conjure allegations on Plaintiff's behalf, which the Court is not permitted to do.

### b. This Court's jurisdiction to hear Plaintiffs' claims

In addition to screening a complaint to determine whether it states a claim, courts have an independent and ongoing obligation to determine whether they have jurisdiction to hear each case. Fed. R. Civ. P. 12(h)(3) (noting that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (observing that "the federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them.") (footnote omitted)); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990) (confirming that "courts have a positive duty to undertake the jurisdiction inquiry"). Federal courts do not have jurisdiction over every lawsuit that is filed. Instead, federal courts have limited jurisdiction and may only hear cases "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ultimately, this means that federal courts have jurisdiction over only those cases which arise under federal law or where there is statutory diversity. 28 U.S.C. §§ 1331, 1332(a). To invoke diversity jurisdiction, plaintiffs must allege both that "the matter in controversy exceeds the sum or value of $75,000" and that the parties are citizens of different states. *Id.* § 1332(a).

In this case, Plaintiff has not adequately alleged that this Court has jurisdiction over his claims. He has not cited to any federal law as the basis for his claims, thus, depriving the Court of federal question jurisdiction over the matter. Furthermore, Plaintiff has not included information to demonstrate that he is able to meet either element required to invoke diversity jurisdiction, i.e., Plaintiff has not stated the amount of any monetary recovery that he seeks, nor has he alleged that the parties in this case are citizens of different states. In fact, to the contrary, Plaintiff indicates that he and Defendant both live in Tennessee. [Doc. 2, p. 2]. Accordingly, because Plaintiff has not brought suit under federal law and the parties are all citizens of the same state, he has not established that this Court has federal question or diversity jurisdiction over the case. As such, the Court must recommend dismissal for lack of jurisdiction.

IV. **CONCLUSION**

For the reasons stated above, this Court **RECOMMENDS** that Plaintiff's Motion [Doc. 1] seeking leave to proceed *in forma pauperis* be **DENIED** and that Plaintiff's Complaint [Doc. 2] be **DISMISSED without prejudice**. This matter is now presented to the District Judge upon this Report and Recommendation under the authority of *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990), wherein the Court states that such matters proceed to a district judge for examination after a magistrate judge has evaluated the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).